**Charles KURALT and Suzanna Kuralt, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 91 Civ. 8278 (LMM).**

United States District Court,
S.D. New York.

April 5, 1994.

Joel E. Miller, Flushing, NY, for plaintiffs.

Sara L. Shudofsky, Otto G. Obermaier, U.S. Atty./S.D.N.Y., New York City, for U.S.

*MEMORANDUM AND ORDER*

McKENNA, District Judge.

Plaintiffs Charles Kuralt and Suzanna Kuralt filed this action on December 9, 1991, asserting a claim for a refund of income tax, interest, and penalty that they allege were illegally assessed and collected from them. Plaintiffs contend that this Court has jurisdiction over their action pursuant to 28

U.S.C. §§ 1340, 1346(a)(1). Defendant United States of America moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the Complaint on the ground that this Court lacks subject matter jurisdiction; in the alternative, Defendant moves this Court for summary judgment in its favor, pursuant to Rule 56. Agreeing that the documents submitted by Defendant in support of its summary judgment motion are controlling, Plaintiffs cross-move for summary judgment in their favor pursuant to Rule 56. For the reasons set forth below, Defendant's motion to dismiss is granted; the Court, therefore, need not decide Plaintiffs' cross-motion.

## I.

The facts are, with only minor exceptions, undisputed. Plaintiffs timely filed a joint federal income tax return for the calendar year 1983. In 1983, Charles Kuralt was a shareholder in Country Music, Inc. ("Country"), a Subchapter S corporation. On March 15, 1984, Country timely filed its federal income tax return for the calendar year 1983. On or about September 20, 1986, Seymour Klempner executed a document entitled "Consent to Extend the Time to Assess Tax" ("Extension"), purportedly on behalf of Country. Defendant claims, while Plaintiffs contend that Defendant in fact fails to sufficiently allege, that Klempner was the tax matters person for Country at the time; accordingly, Defendant argues, and Plaintiffs deny, that Klempner's execution of the document extended the time for the Internal Revenue Service ("IRS" or "Service") to assess tax with respect to Country to December 31, 1987.[1]

On April 14, 1987, the IRS issued a Notice of Final S Corporation Administrative Adjustment ("FSAA") to Klempner, adjusting Country's treatment of Subchapter S items[2] for its 1983 taxable year. On May 8, 1987, Klempner, purportedly acting as tax matters person for Country, filed a petition in the United States Tax Court challenging the FSAA. Plaintiffs did not participate in the Tax Court proceeding. On February 14, 1989, the IRS and Klempner, acting on behalf of Country, entered into a stipulation and decision under Tax Court Rule 248(a) with respect to taxable year 1983. As a result, on February 12, 1990, the Service assessed tax against Plaintiffs in the amount of $35,591.00 (the "Subject Tax"), plus interest in the amount of $30,465.57. Plaintiffs paid the Subject Tax in full on April 17, 1990. On May 4, 1990, Plaintiffs, in response to the February 12, 1990, interest demand and an additional demand made on April 23, 1990, paid $32,288.44 for interest and payment penalty on account of the Subject Tax. On January 25, 1991, Plaintiffs filed a claim for a refund asserting that the FSAA for Country was not timely issued by the IRS, due to the expiration of the applicable statute of limitations. The Service denied the refund claim on October 4, 1991.

## II.

The instant action implicates Subchapter S corporation audit and litigation procedures of the Internal Revenue Code ("Code"), which provide for uniform treatment of Subchapter S items among the shareholders of an S corporation. *See* 26 U.S.C. § 6241 *et seq.* The tax treatment of Subchapter S items is generally determined at the corporate level by way of a unified proceeding, rather than in separate proceedings for each shareholder. *See* 26 U.S.C. § 6241.

A Subchapter S item is defined as any item of an S corporation which by Regulation the Service determines is more appropriately determined at the corporate level as opposed to the shareholder level. A shareholder of an S corporation is required to treat Subchapter S items on his or her return in a manner consistent with the treatment of such items on the [S corpora-

---

1. Plaintiffs concede that the factual issue whether Klempner was the tax matters person for Country need not be resolved to dispose of the instant motions. *See* Pls.' Mem.Law Opp'n at 2.

2. "Each [S corporation] shareholder's share of items of income of an S corporation is a Subchapter S item." 13 Mertens The Law of Federal Income Tax § 49B.44 (Wendi Hangebrauck, *et al.* eds. 1994) (footnotes omitted).

tion's] corporate return or notify the [IRS] of the inconsistency.

13 Mertens The Law of Federal Income Tax § 49B.44 (Wendi Hangebrauck, *et al.* eds. 1994) (footnotes omitted). 26 U.S.C. § 6244 makes certain partnership provisions of the Code applicable to Subchapter S corporations. Consequently, individual S corporation shareholders may not claim refunds based on Subchapter S items determined at the corporate level, except under the circumstances delineated in 26 U.S.C. § 7422(h). Section 7422(h) prohibits suits by individual shareholders to recover erroneously or illegally assessed taxes attributable to Subchapter S items unless brought in accordance with 26 U.S.C. § 6228(b) or § 6230(c). The Code thus contains three circumstances under which such a refund claim may be initiated by an S corporation shareholder individually: (1) a suit for refund under § 6228; (2) a suit pursuant to § 6230(c)(1)(A) resulting from denial of a claim of mathematical error; (3) a suit for refund under § 6230(c)(1)(B) due to the failure of the IRS to credit or refund to a shareholder an overpayment attributable to a settlement, court decision, or defaulted FSAA.

### III.

In pressing their claim of entitlement to a refund, Plaintiffs contend that

[a]ssuming *arguendo* both (i) that § 6244 makes § 7422(h) applicable to "subchapter S items" as well as to "partnership items" and (ii) that neither of the stated exceptions of § 7422(h) is applicable in the instant case, it still does not follow that the Court is without power to order the requested refund.

Pls.' Mem.Law Opp'n at 24. Plaintiffs' unwillingness definitively to concede the point notwithstanding, § 6244 does incorporate § 7422(h). Moreover, none of the three circumstances under which § 7422 permits a refund claim suit by a Subchapter S shareholder concerning a Subchapter S item exists in the instant action. First, § 6228 permits an S corporation shareholder to file suit for a refund upon the denial by the Service of an administrative adjustment request ("AAR") previously filed by the shareholder pursuant

to 26 U.S.C. § 6227. Section 6227 provides, however, that an S corporation shareholder must file an AAR within three years of the date the S corporation filed its return, or, if later, the last date the S corporation had to file its return. *See* 26 U.S.C. 6227(a)(1). Because Plaintiffs' refund claim was made on January 25, 1991, nearly seven years after Country filed its 1983 federal income tax return, Plaintiffs cannot rely on § 6228 as basis upon which to file their refund claim. Second, § 6230(c)(1)(A) provides that an S corporation shareholder may file a refund claim if the ground for the claim is that the IRS "erroneously computed any computational adjustment" that was required under certain narrow circumstances (the details of which are not necessary to resolve the instant motions). *See* 26 U.S.C. § 6230(c)(1)(A). Plaintiffs do not contend that their entitlement to a refund is predicated on a computational error by the Service. Third, § 6230(c)(1)(B) permits an S corporation shareholder to sue for a refund if the IRS

failed to allow a credit or to make a refund to the [S corporation shareholder] in the amount of the overpayment attributable to the application to the [shareholder] of a settlement, a final [S corporation] administrative adjustment, or the decision of a court in an action brought under [26 U.S.C.] 6226 or [26 U.S.C.] 6228(a).

26 U.S.C. § 6230(c)(1)(B) (as incorporated by 26 U.S.C. § 6244). Plaintiffs do not dispute, however, that the instant action is not predicated on such a failure on the part of the Service.

At bottom, Plaintiffs argue for a fourth circumstance under which a District Court may assert jurisdiction over a refund claim. Plaintiffs' argument is as follows. The period within which the IRS could have legally challenged the Subchapter S items on their 1983 tax return expired without the IRS issuing a timely FSAA notice to Country that was effective as to Plaintiffs. As a result, the IRS had no power to alter the Plaintiffs' treatment of Subchapter S items— treatment that, when originally filed, was identical to the treatment of those items by Country—because such treatment, at least

**730**

with respect to Plaintiffs, became "locked in" upon the expiration of the applicable statute of limitations. The subsequent assessment of the Subject Tax (and the concomitant interest and penalty) was not valid, therefore, because it was based on the untimely, and therefore invalid, reclassification of certain items as Subchapter S items. As a consequence, their refund claim falls outside the strictures of § 7422(h), because it is *not* based on Subchapter S items at all. In other words, Plaintiffs contend that § 7422(h) concerns only a challenge to the "correctness" of an assessment attributable to Subchapter S items, but not—as in the case at bar—to the "validity" of such an assessment, *see* Pls.' Mem.Law Opp'n at 24, and, therefore, the Court may assert jurisdiction over the instant action. In support of this theory, Plaintiffs argue

> The Government cannot simply by uttering a magic phrase shield an exaction from judicial scrutiny; the Court necessarily has power to determine for itself whether or not the exacted amount was "attributable to subchapter S items" as Congress used those words.

*Id.* at 25.

The Court rejects both Plaintiffs' characterization of the government's exercise of its power, and, because they fail to satisfy the doctrine of sovereign immunity by pointing to express statutory authority to bring the present action, the conclusion Plaintiffs draw concerning the Court's power of review.

> Under settled principles of sovereign immunity, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"

*United States v. Dalm,* 494 U.S. 596, 607, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990) (quoting *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941))). The *Dalm* Court went on say that

> [i]f any principle is central to our understanding of sovereign immunity, it is that

the power to consent to ... suits [for tax refunds] is reserved to Congress,

*id.,* 494 U.S. at 610, 110 S.Ct. at 1369, and that waivers of sovereign immunity by Congress "cannot be implied but must be unequivocally expressed." *Id.,* 494 U.S. at 607, 110 S.Ct. at 1368 (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969)). Because Plaintiffs fail to point to statutory support for their theory of entitlement to sue the United States government for a refund in District Court, this Court declines to assert subject matter jurisdiction over Plaintiffs' asserted cause of action.

## IV.

For the foregoing reasons, Defendant's motion to dismiss on the ground of lack of subject matter jurisdiction is granted, Plaintiffs' cross-motion for summary judgment is denied as moot, and the Complaint is dismissed in its entirety.

SO ORDERED.